IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MAURICE BOONE                    :          CIVIL ACTION

               v.                        :

SUPERINTENDENT OF SCI            :
HUNTINGDON, et al.                          NO.  02-2668

_____

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER                           October 29, 2002
United States Magistrate Judge


       Presently before the court is the counseled petition for a writ of habeas corpus.

Petitioner is presently incarcerated at the State Correctional Institution at Huntingdon,

Pennsylvania.  For the reasons stated below, this court recommends that the petition be dismissed

because it is barred by the one-year statute of limitations for the filing of a habeas corpus

petition.

I.    **BACKGROUND**

       The following facts are undisputed.  On April 15, 1996, a jury convicted petitioner

of aggravated assault, violation of the Uniform Firearms Act, and possessing an instrument of

crime.  Petitioner was sentenced to an aggregate term of imprisonment of fifteen to thirty years.

The Superior Court of Pennsylvania affirmed the judgments of conviction and sentence on

October 24, 1997.  Commonwealth v. Boone, 704 A.2d 1114 (Pa. Super. Ct. 1997) (Table).  The

Supreme Court of Pennsylvania denied petitioner's petition for allowance of appeal on June 24,

1998.  Commonwealth v. Boone, 724 A.2d 933 (Pa. 1998) (Table).

Next, on February 1, 1999, petitioner filed a <u>pro</u> <u>se</u> petition for post conviction relief under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541, <u>et</u> <u>seq</u>. Counsel was appointed and an amended petition was filed.  On January 14, 2000, the PCRA court dismissed the petition.  Petitioner appealed to the Pennsylvania Superior Court.  On November 9, 2000, the Superior Court affirmed the dismissal of petitioner's PCRA petition.  <u>Commonwealth v. Boone</u>, 768 A.2d 880 (Pa. Super. Ct. 2000) (Table).  On May 3, 2001, the Supreme Court of Pennsylvania denied allocatur.  <u>Commonwealth v. Boone</u>, 781 A.2d 138 (Pa. 2001) (Table).  (Petition at ¶¶ 2-4; Resp. to Pet. at ¶¶ 2-3.)

On May 3, 2002, petitioner filed the instant petition for a writ of habeas corpus raising one issue.  (Petition at ¶ 5.)  The District Attorney of Philadelphia County filed a response to the petition requesting that the petition be dismissed as untimely because it was not filed within the one-year statute of limitations as required by 28 U.S.C. § 2244.

## II.    DISCUSSION

Title 28 U.S.C. § 2244(d), enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996, in relevant part provides:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

2

recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due
diligence.

(2)    The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent judgment
or claim is pending shall not be counted toward any period of limitation
under this subsection.

28 U.S.C. § 2244(d).  See generally Fahy v. Horn, 240 F.3d 239 (3d Cir.), cert. denied, 122 S.Ct.

323 (2001); Lovasz v. Vaughn, 134 F.3d 146 (3d Cir. 1998).

Petitioner's conviction became final on September 22, 1998.  This date represents

ninety days after the Pennsylvania Supreme Court affirmed petitioner's sentence on June 24,

1998, which was at the expiration of the time for filing a petition for a writ of certiorari with the

United States Supreme Court.  See Whitney v. Horn, 280 F.3d 240, 251 n.13 (3d Cir. 2002),

petition for cert. filed, ___ U.S.L.W. ___ (U.S. Aug. 8, 2002) (No. 02-5802).  Thus, in

accordance with 28 U.S.C. § 2244(d)(1), petitioner had until September 21, 1999 to file a timely

habeas petition.

However, the one-year statute of limitations is tolled during the time petitioner

had pending in the state courts a properly filed PCRA petition.  See 28 U.S.C. § 2244(d)(2)

(providing that the time during which a "properly filed" petition for collateral relief is pending is

not counted toward the one-year statute of limitations.)  On February 1, 1999, after 130 days of

the statute of limitations had expired, petitioner filed a PCRA petition.  This petition tolled the

limitations period.  The Superior Court affirmed dismissal of the PCRA  petition on November 9,

2000, and the Supreme Court of Pennsylvania denied allocatur on May 3, 2001.  The statute of

3

limitations for petitioner's federal habeas petition resumed running on May 4, 2001, with 235 days remaining. Thus, petitioner had until December 25, 2001 to file the instant habeas petition.

Petitioner filed his habeas petition on May 3, 2002, more than four months after the statute of limitations had expired. The petition is time barred and should be dismissed.[1]

For all the above reasons, the court makes the following

### R E C O M M E N D A T I O N

AND NOW, this 29th day of October, 2002, the court respectfully recommends that the petition for a writ of habeas corpus be **DISMISSED** as time-barred by the statute of limitations, and that <u>no</u> certificate of appealability be granted.

BY THE COURT:

_____
THOMAS J. RUETER
United States Magistrate Judge

---

[1]       None of the exceptions listed in 28 U.S.C. section 2244(d)(1)(B)-(D) apply, and petitioner has not demonstrated that the limitations period should be equitably tolled. See <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir.), <u>cert. denied</u>, 122 S.Ct. 323 (2001); <u>Miller v. New Jersey State Dep't of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MAURICE BOONE                                    :                        CIVIL ACTION

              v.                                 :

SUPERINTENDENT OF SCI                            :
HUNTINGDON, et al.                                                       NO.  02-2668

**O R D E R**

              AND NOW, this          day of                    , 2002, upon careful and

independent consideration of the pleadings and record herein, and after review of the Report and

Recommendation of United States Magistrate Judge Thomas J. Rueter, it is hereby

**ORDERED**

              1.       The Report and Recommendation is APPROVED and ADOPTED;

              2.       The petition for a writ of habeas corpus is DISMISSED; and

              3.       A certificate of appealability is <u>not</u> granted.


                                        BY THE COURT:


                                        _____
                                        PETRESE B. TUCKER,              J.